**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>Fran Rosenstock,<br>　　　　　Debtor, | Bankruptcy No. 13<br>Chapter 18-12830-elf |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-AR3,<br>　　　　　Secured Creditor, | Hearing Date: August 14, 2018<br>Time: 10:00 a.m. |
| Fran Rosenstock,<br>　　　　　Debtor / Respondent, | |
| and<br>William C. Miller, Esq.,<br>　　　　　Trustee / Respondent. | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CSFB MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-AR3, ("Secured Creditor"), by and through its counsel, Matthew C. Waldt, Esquire, as and for its objection to confirmation of Debtor's Chapter 13 Plan, respectfully states as follows:

1.　Debtor is Fran Rosenstock.

2.　On April 27, 2018, Debtor filed a petition pursuant to Chapter 13 of Title 11 of the United States Code. Debtor is the owner of the real property commonly known as 421 Spruce Street, Philadelphia, PA 19106 (the "Property").

3.　Secured Creditor holds the first mortgage on the Property.

4.　Secured Creditor has not yet filed its Proof of Claim but anticipates doing so shortly. As such, Secured Creditor reserves the right to supplement this objection.

5.　As will be more fully set forth in the aforementioned Proof of Claim, as of the date of the filing of the instant Chapter 13 petition, total arrears due to Secured Creditor through the Plan are

approximately $623,720.05.

6. Debtor's Chapter 13 Plan does not provide for payment of mortgage arrears to Secured Creditor. Rather, the Chapter 13 Plan proposes a loan modification to address the pre-petition arrears.

7. The feasibility of the Debtor's Chapter 13 Plan is entirely contingent upon this proposed loan modification. In this way, the current Plan is similar to one that is contingent upon the refinance or sale of a mortgaged property. In such cases, courts have held that "the statutory feasibility requirement obligates the Debtor to present competent evidence that refinancing is likely, typically by producing a commitment letter from a qualified lender." In re Saunders, 2008 Bankr. LEXIS 781 (Bankr. E.D. Pa. 2008) (citing numerous cases from various jurisdictions consistent with this point). Furthermore, "without proper funding in place or firm commitment for such funding, the court cannot find the plan feasible." In re Stratford Associates Ltd. Partnership, 145 B.R. 689, 699 (Bankr. D. Kan. 1992). See also, In re Erickson, 176 B.R. 753 (E.D. Pa 1995) (holding that Debtors' proposed plan, funded by a sale, was not sufficiently "feasible" to be confirmed); In re Houge, 78 B.R.867 (Bankr. S.D. Ohio 1987) (holding that Chapter 13 plans, the success of which depends on sale or refinancing three to five years from plans' inceptions, did not satisfy feasibility requirement).

8. Similar to the above-cited cases, Debtor's Plan is not feasible, not confirmable, and not proposed in good faith. 11 U.S.C.§ 1325(a)(6) provides that in order to be confirmable, a plan must provide that "debtor will be able to make all payments under the Plan and to comply with the plan." Again, the Plan is based upon conjecture and an unsupported assumption that the Debtors will qualify for, and make payments under, a loan modification. Debtor has offered no credible evidence that the Debtor will be able to obtain the loan modification to fund the Plan. Without such funding, the Plan is not feasible.

9. Secured Creditor objects in the event that Debtor is not current with his regular monthly mortgage payments at the time of the confirmation hearing in this matter.

11. The Chapter 13 Plan does not provide for Mortgagee to receive distributions with a value equal to the allowed amount of its claim as required by 11 U.S.C. §1325(a)(5)(B)(ii).

12. Secured Creditor objects to the Debtor's Chapter 13 Plan as same does not propose to cure the entire pre-petition delinquency due to Secured Creditor and thus the Plan is not feasible as filed.

WHEREFORE, Secured Creditor respectfully requests that confirmation of Debtor's Chapter 13 Plan be denied unless modified to provide for payment of pre-petition arrears in full, as set forth above, due to Secured Creditor, and for such other just and appropriate relief as the Court may deem proper.

Respectfully submitted,
MILSTEAD & ASSOCIATES, LLC

DATED:  June 1, 2018

/s/Matthew C. Waldt
Matthew C. Waldt, Esquire
Attorney ID No. 203308
1 E. Stow Road
Marlton, NJ 08053
(856) 482-1400
Attorneys for Secured Creditor